## 10080

### ALLEN v. BROWNLEE *ET AL.*

#### (96 S. E. 615.)

WILLS—CONSTRUCTION—FEE CONDITIONAL.—Will devising land to daughter "for and during her natural life and at her death to the heirs of her body," and upon daughter's death without issue land to go to father and mother of testatrix, but, if neither survived daughter, latter, if without issue at their death, to take land in fee simple, *held* to create in the daughter a fee conditional.

Before WILSON, J., Greenville, Spring term, 1918. Affirmed.

Action by Mary McPhail Allen against George Brownlee and another. Decree for plaintiff, and defendant named appeals.

The following is the item of the will referred to in the opinion:

"Item 5. I give, devise and bequeath unto my beloved daughter, Marion May McPhail Allen, my house at the corner of Pendleton and Meminger streets, in the city of Greenville, in the State and county aforesaid for and during her natural life, and at her death to go to the heirs of her body. If she should die without issue, then it is my will.that said house and lot shall go to my beloved father, J. C. C. Turner, and my beloved mother, Mary E. Turner, share and share alike. If either of them should be dead at the death of my said beloved daughter, then the whole property, to wit, house and lot is to go to the survivor. If my said beloved daugh-

ter survives my said beloved father and mother, and she has no issue at the time of the death of my said beloved father and mother, then it is my will that said house and lot should go to my said beloved daughter in fee simple."

*Mr. Oscar Hodges,* for plaintiff, cites: *As to whether the words "heirs of her body" and "issue," employed by the testatrix in item five of the will under consideration were used in a technical sense, or were they used in a restricted sense, denoting children. They have in many cases been construed to mean children:* 67 S. C. 130; 89 S. C. 561; 48 S. C. 440; 52 S. C. 554; 94 S. C. 308; 95 S. C. 368; 69 S. C. 292.

*Messrs. Haynsworth & Haynsworth,* for respondent, submit: *That the words "heirs of her body" and "issue" were used in their technical sense, and created a fee conditional:* 101 S. C. 196; 94 S. C. 308; 48 S. C. 440; 2 Strob. Eq. (21 S. C. Eq.) 174; 1 Rich. Eq. (18 S. C. Eq.) 104.

September 2, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal is from a decree of the Circuit Court which construed the fifth item of the will of Elizabeth McPhail. Let that item be reported. We assume that the other parts of the will, which are not embodied in the case, are irrelevant to the issue now made. The Circuit Court held that the daughter, May, took a fee conditional, and after the birth of the child, Dorothy, to her the condition was performed, and she had the right to convey the fee. The child, Dorothy, of May contends that her mother took only an estate for the mother's life, and that she, the child, took the fee. The Circuit Court held with the mother, May; and the daughter, Dorothy, appealed. We are of opinion that the decree of the Circuit Court is right.

The item in issue has four clauses. With useless verbiage omitted, and other verbiage simplified, but not altered, and numerals added, the item reads thus:

"(1) I give, devise and bequeath unto my beloved daughter, May, my house * * * for and during her *natural life,* and at her death to the *heirs of her body.*

"(2) If (May) should die without issue, then * * * said house * * * shall go to my beloved father, J., and my beloved mother, M., share and share alike.

"(3) If either of them should be dead at the death of (May) then the whole * * * is to go to the survivor.

"(4) If (May) survives (J. and M.), and she has no *issue,* at the time of the death of J. and M., then * * * said house and lot shall go to (M.) *in fee simple.*"

The technical words used in the first clause were apt to create in May a fee conditional. The addition therein of the words "her natural life" are not repugnant to that view. *Lane v. Dillon,* 101 S. C. 96. Nor is the second clause inconsistent with that view; because mayhap the daughter, May, might not have had issue. The third clause is irrelevant. The appellant rests the argument upon the fourth clause, to show that the testatrix did not intend May to take a fee conditional as the technical words of the first clause would imply. But by the fourth clause the testatrix only contemplated and provided for a status where May would be with "no issue" at the death of J. and M.; whereas, at that time May had issue, and, having such, the first clause operated to give her a fee conditional, now she had the right to convey a fee simple by the birth of Dorothy. The fourth clause is in harmony with the first, and supplements it. May did survive J. and M., but she had issue; the fourth clause provided for a status of her survival with no issue; there is no such status.

The decree of the Circuit Court is affirmed.